Argued and submitted March 27, reversed and remanded May 24, petition for review denied September 26, 1995 (322 Or 167)

Ivan S. ZACKHEIM,
Stephen J. Giardini and Steven H. Feldman,
*Appellants,*

*v.*

Donald E. FORBES,
in his official capacity as
Director of Transportation;
Theodore R. Kulongoski,
in his official capacity as
Attorney General of the State of Oregon;
Department of Transporation;
and State of Oregon,
*Respondents.*

(93C 12528; CA A84090)

895 P2d 793

Charles F. Hinkle argued the cause for appellants. With him on the briefs was Stoel Rives Boley Jones & Grey.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiffs brought this action for declaratory and injunctive relief challenging the constitutionality of ORS 802.220(7) and ORS 802.224.[1] They appeal, assigning error to the trial court's grant of summary judgment for defendants (state) and denial of their motion for summary judgment. Because we conclude that the statutes are impermissible content-based restrictions on speech, we reverse.

Plaintiffs are lawyers. They wish to use information contained in police reports of automobile accidents to solicit business from accident victims.[2] ORS 802.220(7) and ORS 802.224 prohibit such use. ORS 802.220(7) provides:

> "The [Department of Transportation] *records of accident reports* submitted to the department by police officers under ORS 801.460 *are not privileged or confidential except that no such record provided by the department may be used to contact any person for commercial purposes.* As used in this subsection, 'commercial purposes' has the meaning given in ORS 802.224." (Emphasis supplied.)

ORS 802.224 provides:

> "(1) A person commits the offense of using accident reports for commercial purposes if the person uses records or copies of accident reports, or uses information derived directly or indirectly from records or reports, to contact any person for commercial purposes. This section applies to accident records and reports submitted to the Department of Transportation as well as to records and reports retained or compiled by any police agency.

> "(2) As used in this section and ORS 192.503 and 802.220(7):

> "(a) 'Commercial purposes' includes, but is not necessarily limited to, use of records or copies of accident reports for purposes of solicitation of clients or customers.

---

[1] Plaintiffs' challenge is directed to Article I, sections 8 and 20, of the Oregon Constitution, and the First and Fourteenth Amendments to the United States Constitution.

[2] Police officers are required to file automobile accident reports with the Department of Transportation. ORS 810.460. The department, in turn, is required to maintain those accident reports. ORS 802.200(12). The accident reports are public records, ORS 802.220(1), and are not privileged or confidential. ORS 802.220(7).

"(b)  'Commercial purposes' does not include use of records or copies of accident reports for:

"(A)   Publication in a newspaper or other news periodical or a radio or television broadcast;

"(B)   Rating of insureds or prospective insureds by an insurer; or

"(C)   Preparation for prosecution or defense of litigation or claims settlement by persons involved in an accident, attorneys representing such persons or insurers of such persons."

The parties agree that if plaintiffs used the information in the police reports to solicit clients, they would violate the prohibitions of those statutes. Plaintiffs' principal contention is that the statutes are impermissible content-based restrictions on speech. Specifically, they argue that the prohibitions contained in ORS 802.220(7) and ORS 802.224 are not aimed at the effects of speech, but are directed at speech itself. They maintain that the only thing prohibited by the statutes is communication with prospective clients and that that kind of communication is fully protected by the free speech provisions of both the state and federal constitutions.

The state responds that nothing in ORS 802.220(7) and ORS 802.224 prevents plaintiffs from engaging in direct mail solicitation to clients. Rather, those statutes prohibit only the commercial *use* of information in police reports. According to the state, police reports that contain accident information are property, just like a state building, a state park or a state vehicle. Although some restrictions on the use of state property may incidentally limit expressive activity, such a limitation "does not transform the use restriction into a speech restriction."

Because no Oregon cases have considered constitutional challenges to use restrictions, the state relies on two federal cases that have done so. *Cox Broadcasting Corp. v. Cohn*, 420 US 469, 95 S Ct 1029, 43 L Ed 2d 328 (1975), involved a challenge to a Georgia statute that prohibited publication of the names of rape victims. The defendant newspaper reporter had learned the name of a rape victim from a copy of an indictment made available for his inspection in the courtroom. The Supreme Court declared the Georgia statute unconstitutional, observing that records of judicial

proceedings traditionally have been public and emphasizing the importance of media reporting of judicial proceedings. *Seattle Times Co. v. Rhinehart*, 467 US 20, 104 S Ct 2199, 81 L Ed 2d 17 (1984), involved the question of whether parties to civil litigation have a right under the First Amendment to disseminate information gained through the pretrial discovery process. The Supreme Court upheld a protective order prohibiting the defendant newspaper from publishing information obtained during discovery, on the ground that the information was private, not public, and had come to the newspaper's attention only because of the existence of discovery statutes.

■■   The Supreme Court's focus in both *Cox* and *Seattle Times* was on whether the information being restricted was public or private. Read together, those cases stand for the proposition that the government may not selectively restrict the use of public information, but it may restrict the use of private information. The state contends that the information at issue in this case is private, like that in *Seattle Times*. We disagree. Under ORS 802.220(7) and 802.224, police accident reports are public records that are available for public inspection at any time. ORS 802.220(7) explicitly provides that the records "are not privileged or confidential."

We turn to the question whether the challenged statutes implicate speech that is protected by Article I, section 8, of the Oregon Constitution and the First Amendment to the United States Constitution. We consider plaintiffs' state claim first. *State v. Kennedy*, 295 Or 260, 262-65, 666 P2d 1316 (1983) (Oregon courts first consider and decide all questions of state law before deciding federal claims). Article I, section 8, provides:

> "No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

Under ORS 802.220(7) and ORS 802.224, any member of the public may obtain automobile accident reports for any reason. The statutes do not restrict access to those reports to anyone. They allow use of the information contained in those reports for noncommercial speech, but prohibit use for purposes of commercial speech. The Oregon Supreme Court has held that

commercial speech is protected by Article I, section 8. *Moser v. Frohnmayer*, 315 Or 372, 376, 845 P2d 1284 (1993). In order for the state to distinguish between permissible and impermissible use of information derived from an accident report, it must focus on the content of the communication. The challenged statutes restrict speech because they are "directed at a subject of communication, excluding some speech based on the content of its message." *Id.* Therefore, unless the content restriction in ORS 802.220(7) and ORS 802.224 can be justified on some basis, it is impermissible.

A content-based restriction on speech

"might * * * survive an Article I, section 8, challenge, if it is 'wholly confined within some historical exception that was well established when the first American guarantees of freedom of expression were adopted and that the guarantees then or in 1859 demonstrably were not intended to reach.' " *Id.* at 376 (quoting *State v. Robertson*, 293 Or 402, 412, 649 P2d 569 (1982)).

The state, as the party opposing plaintiffs' claim of constitutional privilege, has the "heavy burden" of demonstrating that the restriction on commercial speech in this case falls within a historical exception. *Moser*, 315 Or at 376.

The state contends that, because there was no common law right of access to public records, there was no need historically to regulate the misuse of those records and that the historical inquiry in this case must be "whether the expressive activity in question was protected or was understood to be protected at the time the constitution was adopted." It maintains that when the federal and state constitutions were adopted, no one could have claimed a right to base commercial activities on information contained in public documents, because "there was no common law right of access to public records." Plaintiffs respond that the state's reliance on this alleged historical exception is inapposite, because this case is about the use of public records for commercial purposes, not about access to public records.

■ Plaintiffs are correct. Nothing in the statutes prohibits access to the accident reports. Plaintiffs' challenge is to the use of the information contained in those records for the purpose of commercial solicitation. In the light of the Supreme Court's holding in *Moser* that there is no historical

exception to the protections of Article I, section 8, for commercial advertisements or solicitation, the state cannot satisfy its burden of proving a historical exception in this circumstance.

■ Nonetheless, a statute that restricts speech may be valid "if the focus of the enactment, as written, is on an identifiable actual effect or harm that may be proscribed, rather than on the communication itself." *Moser*, 315 Or at 379. Such a statute must "specify expressly or by clear inference what serious and imminent effects it is designed to prevent." *Oregon State Police Assn. v. State of Oregon*, 308 Or 531, 541, 783 P2d 7 (1989) (Linde, J. concurring). *See City of Portland v. Tidyman*, 306 Or 174, 185, 759 P2d 242 (1988) (striking down city ordinance that did not specify the adverse effects the ordinance sought to remedy).

Plaintiffs contend that ORS 802.220(7) and ORS 802.224 are "completely silent" as to effects and that they do not suggest any clear inference about what such effects might be. The state does not argue otherwise. Nonetheless, the state contends that the statutes are justified, because they proscribe the use of accident reports for commercial purposes and thereby help to maintain a balance between the competing interests of "government in the sunshine" and the privacy rights of accident victims. The state relies on *In re Fadeley*, 310 Or 548, 802 P2d 31 (1990), for the proposition that otherwise privileged conduct "must sometimes give way to a pragmatic balance where that conduct intersects with other fundamental interests." Plaintiffs respond that government cannot "balance away" a constitutional right.

*Fadeley* involved the speech of a judge who allegedly violated a code of professional conduct. The Supreme Court held that the speech rights of Article I, section 8, had been modified by Article VII (Amended), section 8, which allows discipline of judges for violating rules of judicial conduct. *Id.* at 560. We need not address the state's argument in this case that dictum in *Fadeley* compels balancing Article I, section 8, against the privacy rights of accident victims, because the state's argument that the challenged statutes protect privacy rights is not persuasive. ORS 802.224(2)(b)(A), for example, permits the television, radio and print media to telecast,

broadcast or publish any information contained in the accident reports, and nothing in the challenged statutes prevents any media representative from contacting any person named in the reports. Furthermore, those statutes do not prevent plaintiffs from soliciting business from automobile accident victims, as long as they get their information about the accidents from sources other than the accident reports. Neither do the statutes prevent contact with accident victims if the contact has a purpose other than commercial solicitation. In short, the statutes do not manifest a purpose of protecting accident victims' privacy.

■ Because ORS 802.220(7) and ORS 802.224 contain content-based restrictions on speech that are justified neither by a historical exception nor by the purpose of preventing an identified actual effect or harm, they are invalid under Article I, section 8. The trial court erred in granting summary judgment for defendants and denying plaintiffs' motion for summary judgment.

In the light of this disposition, we need not address plaintiffs' Article I, section 20, challenge, or their arguments under the First and Fourteenth Amendments to the United States Constitution.

Reversed and remanded.